Douglas C. Ader
706 NE 2nd St. #A
Marion, Wisconsin 54950
Phone: 715-754-2343

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Case: 06-CV-406-JMR

| | |
|---|---|
| Douglas C. Ader, Sui Juris, Plaintiff, | COMPLAINT |
| -vs- | ARS 12 - 543 |
| BANK OF AMERICA, N.A., et al., Defendants. | RELIEF ON GROUND OF FRAUD OR MISTAKE |

PETITION AND COMPLAINT IN THE NATURE OF A SUIT FOR RELIEF ON GROUNDS OF FRAUD OR MISTAKE.

### Jurisdictional Statement

This court has jurisdiction over Defendants to this action as well as the subject matter:

**(a)** Plaintiffs residence at 706 NE 2nd St., #A, Marion Wisconsin 54950 is outside the Arizona Courts Jurisdiction. **(b)** BANK OF AMERICA, N.A. has a branch office at EL CONQUISTADOR (BRANCH), 3480 E. BROADWAY BLVD, TUCSON, ARIZONA 85716 where the Fraud started **(c)** Additional Defendants; (et al) are everyone and anyone that had any involvement in case C20040225.

### Complaint

## Claim: Case C20040225 is Fraud

1. Plaintiff claims that on or about March 5th 2004, BANK OF AMERICA, N.A., et al, did with willful intent to defraud; convicted the Natural Person Douglas C. Ader of the Non-existent crime of "unlawful conversion" in case C20040225.

2. Plaintiff claims to never have had a Contractual Obligation with BANK OF AMERICA, N.A., et al.
3. Plaintiff claims there was a willful suppression of evidence in case C20040225.
4. Plaintiff claims that Case C20040225 was a rush to Judgment.

## REMEDY SOUGHT

The jury's determination if C20040225 is a Fraud or Mistake.

The jury's determination as to who perpetrated the Fraud or Mistake.

The jury's determination of the facts constituting the Fraud or Mistake.

Respectively submitted this 28th day of July 2006.

_____
Douglas C. Adler, Authorized Representative

Wisconsin            )
                     ( Affidavit of Truth by Douglas C. Ader
Waupaca County  )

1. I, Douglas C. Ader, being a Natural born American, of clear, conscious and competent mind, state this document is "true, correct, and complete, and not meant to mislead", and understand and agree that I am signing my name under penalty of perjury and under oath or asseveration administered by the Notary Public named below, and I am accepting full liability, both civil and criminal, and that I accept all penalties of perjury if and when it is found that my responses in this document are false in any way.

2. I, Douglas C. Ader, claim that case C20040225 is a Fraud.

3. I, Douglas C. Ader claim to never have had a Contractual Obligations with BANK OF AMERICA, N.A., et al.

4. I, Douglas C. Ader claim that on March 5th 2004, BANK OF AMERICA, N.A., did with willful intent to defraud; convicted the Natural Person Douglas C. Ader of a Non-existent crime of "**unlawful conversion**" in case C20040225.

5. I, Douglas C. Ader claim that there was willful suppression of evidence (Affidavit(s)) in case C20040225.

6. I, Douglas C. Ader claim that Case C20040225 was a rush to Judgment.

Subscribed and sworn with all rights reserved,

_____
Douglas C. Ader, Authorized Representative

STATE OF WISCONSIN  )
                    (  JURAT
COUNTY OF WAUPACA   )

On this 28th day of July 2006 before me, the above Asseverate (personally known to me, or) proved to me on the basis of satisfactory evidence to be the one whose name is subscribed to the within instrument and acknowledged to me that he signed the same in his authorized capacity and that by his signature on the instrument, the person or the entity upon behalf of which the person acted, signed under Oath or asseveration, and accepts the truth thereof.

_____
Notary Signature

1/28/07
My Commission Expires

**ARS 12-543. Oral debt; stated or open account; relief on ground of fraud or mistake; three-year limitation**

There shall be commenced and prosecuted within three years after the cause of action accrues, and not afterward, the following actions:

1. For debt where the indebtedness is not evidenced by a contract in writing.

2. Upon stated or open accounts other than such mutual and current accounts as concern the trade of merchandise between merchant and merchant, their factors or agents, but no item of a stated or open account shall be barred so long as any item thereof has been incurred within three years immediately prior to the bringing of an action thereon.

3. For relief on the ground of fraud or mistake, which cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake.