Alan M. Levinsky (SBN: 006702)
Scot G. Teasdale (SBN: 19330)
BUCHALTER NEMER, P.C.
4600 East Shea Boulevard, Suite 100
Phoenix, AZ 85028-6031
Telephone: (602) 234-0563
Facsimile: (602) 234-2952
Email: steasdale@buchalter.com

Attorneys for Defendants

IN THE UNITED STATES COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DOUGLAS C. ADER, Pro Se,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., et al,<br><br>Defendant. | No. CV:06-CV-00406-JMR<br><br>**MOTION TO DISMISS AND MOTION TO FOR INJUNCTION AGAINST DOUGLAS C. ADER PROHIBITING FILING ADDITIONAL LAWSUITS** |

Defendant, Bank of America, N.A., hereby moves the Court to dismiss the Complaint of Douglas C. Ader pursuant to Rule 12(b)(6) and pursuant 28 U.S.C. 1915(e)(2)(B)(i), because Plaintiff has filed multiple lawsuits arising out of the same facts and occurrences, all of which have been dismissed, including a case in North Carolina District Court which dismissed with prejudice. All of the lawsuits and claims consist of poorly plead challenges to the judgment entered against him in the Arizona Superior Court in case C20040225 in Pima County. All of Ader's duplicative suits have failed to state valid causes of action and are entirely frivolous. Therefore, Bank of America, N.A. requests that this action be dismissed, with prejudice.

Bank of America, N.A. further requests that the court, in an exercise of its inherent power, and pursuant to the All Writs Act, issue an order enjoining and prohibiting

Douglas C. Ader from filing further lawsuits related in any way to Pima County Superior Court case C20040225 against any persons, unless and until leave of court is granted, and order that Douglas C. Ader be required to pay a filing fee and not be allowed to obtain further waivers of filing fees for any subsequently filed case.

These motions are supported by the following Memorandum of Points and Authorities and the Request for Judicial Notice filed concurrently.

DATED: January 10th, 2007                BUCHALTER NEMER, P.C.


By: s/ Scot G. Teasdale
   Alan M. Levinsky, Esq.
   Scot G. Teasdale, Esq.
   4600 East Shea Boulevard, Suite 100
   Phoenix, AZ  85028-6031
   Attorneys for Defendants


## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    Factual Background.**

On or about January 14, 2004 Bank of America, N.A. filed a lawsuit in the Superior Court of Arizona in and for Pima County in which Douglas Ader was sued for conversion (Exhibit "1" to Request for Judicial Notice).  Bank of America, N.A. brought a Motion to Dismiss and Motion for Judgment on the Pleadings against Douglas C. Ader, which the Court granted (Exhibits "2" and "3" to Request for Judicial Notice).

Douglas Ader subsequently filed suit in Federal District Court in the District of Arizona, Case No. CIV04-681 TUC JM, suing, among others, Arizona Superior Court Judge Miller and Commissioner Ostopuk of the Arizona Superior Court in Pima County, counsel for Bank of America, N.A., and the former Chairman of the Board of Directors of Bank of America, N.A. Mr. Charles Gifford (Exhibit "4" to Request for Judicial

1  Notice). While motions to dismiss were pending (Exhibits 5, 6, 7 to Request for Judicial
2  Notice), Mr. Ader noticed a dismissal of the action, (Exhibit "8") to Request for Judicial
3  Notice which was thereafter dismissed (Exhibit "9" to Request for Judicial Notice).
4      Douglas Ader then filed a Complaint In Forma Pauperis in the United States
5  District Court, Western District of North Carolina, Charlotte Division at Case No. 3:05-
6  CV-338-MU (Exhibit "10" to Request for Judicial Notice). The Court dismissed the
7  Complaint with prejudice on August 17, 2005. (Exhibit 11 to Request for Judicial Notice).
8  Douglas Ader then filed several lawsuits in the Arizona District court seeking to challenge
9  the judgment in Pima County case, all of which were dismissed. Mr. Ader then filed the
10 complaint in the instant action, and, to judge from the docket, has recently filed more
11 cases in the District Court for Arizona.
12     All of Ader's lawsuits have been filed in forma pauperis, supported by affidavits by
13 Ader claiming to be assetless and among the long term unemployed, and therefore unable
14 to pay filing fees. Filing fee waivers have routinely been granted to Ader as a matter of
15 course. Ader has sought to have his complaints served by the U.S. Marshall's service as
16 well.

17 **II.  Law and Argument.**

18     Even if the complaint in the instant case set forth a cause of action on its face, the
19 Court need not accept as true allegations that contradict facts which may be judicially
20 noticed by the Court. Mullis v. United States Bank, Ct.(9th Cir. 1987), 828 F.2d 1385,
21 1388. The Court may properly consider matters of public record such as pleadings, order
22 and other papers on file in another action. Mack v. Southbay Beer Distributors, Inc., (9th
23 Cir. 1986) 798 F.2d 1279, 1282. Additionally, for purposes of evaluating a Rule 12(b)(6)
24 motion the court may consider facts of which the Court can take judicial notice. The
25 documents attached to the Request for Judicial Notice are all matters of public record, and
26

1  clearly show the history of Ader's repeated filing of meritless suits, and repeated
2  dismissals.  The docket of the Arizona District shows other suits filed related to the same
3  prior case in Arizona Superior Court against the same defendant(s) as well.  It is clear that
4  Mr. Ader will not be deterred from filing more lawsuits simply by dismissal of this, or
5  other cases.

6  Among the prior dismissals was one dismissal with prejudice.  The order of
7  dismissal with prejudice by the District Court of North Carolina, stated "Plaintiff's claims
8  are frivolous and without merit on either legal or factual grounds.  Because of the
9  incurably frivolous nature of these claims and in the interest of judicial economy, Plaintiff
10 should not be allowed to reassert them at will.  IT IS THEREFORE ORDERED that
11 Plaintiff's Complaint is DISMISSED WITH PREJUDICE." In spite of this dismissal with
12 prejudice, Ader continues to file additional suits.  These suits typically fail to allege any
13 actionable legal theory, and rely on Mr. Ader attempting to juxtapose himself with
14 "Douglass C. Ader", the "corporation".

15 Mr. Ader has repeatedly filed requests to waive filing fees, stating that he is
16 without assets and that he has not worked for a considerable period.  Movant does not
17 believe the Mr. Ader can be deterred by monetary sanctions, as they cannot be collected
18 against Mr. Ader.   Therefore, the only way to deter Mr. Ader from continuing his
19 harassment is to enjoin him and place him at risk of sanctions for contempt should he
20 disobey the court, as a financial sanction is apparently not enforceable against Mr. Ader.
21 The court system should not be asked to subsidize Mr. Ader's filing of frivolous lawsuits
22 by waiving fees for repeatedly filed, duplicative, and frivolous cases.

23 The Supreme Court has affirmed that a district court has inherent authority to
24 impose sanctions upon those who would abuse the judicial process.
25 Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)
26

1  Even if a court lacks subject matter jusrisdiction, "a court does have inherent authority
2  both over its docket and over the persons appearing before it. It has long been recognized
3  that courts are vested with certain inherent powers that are not conferred either by Article
4  III or by statute, but rather are necessary to all other functions of courts. U.S. v. Hudson,
5  11 U.S. 32, 7 Cranch 32, 34, 3 L. Ed. 259 (1812); Roadway Express Inc. v. Piper, 447
6  U.S. 752, 764, 100 S. Ct. 2455, 2463, 65 L. Ed. 2d 488 (1980).

7  Inherent powers include the power of courts to manage their dockets and impose
8  silence and order on those before the court. Link v. Wabash, 370 U.S. 626, 630-31, 82 S.
9  Ct. 1386, 1388-89, 8 L. Ed. 2d 734 (1962).  In addition courts have the authority to punish
10 contempt whether the sanctioned conduct is before the court or beyond it. Ex parte
11 Robinson, 86 U.S. 505, 19 Wall. 505, 510, 22 L. Ed. 205 (1874).  The court also has the
12 inherent power to enforce its prior orders.  See, e.g. Ward v Pennsylvania New York
13 Central Transp. Co. (1971, SD NY) 328 F Supp 1245, app dismd (1972, CA2 NY) 456
14 F2d 1046.

15 A District Court has authority to enforce compliance with its decisions by
16 enjoining contrary action and has the power to enforce the doctrines of collateral estoppel
17 and res judicata, may issue injunctions against repetitive litigation under 28 USCS § 1651,
18 and can properly enjoin a petitioner in bankruptcy from making new collateral challenges
19 to bankruptcy court's order authorizing sale of assets, although entry of such injunction
20 requires notice and hearing. Charlton v Estate of Charlton (1988, CA9 Ariz) 841 F2d 988,
21 17 BCD 846.  In this case, Ader's repeated voluntary dismissals operate as an adjudication
22 on the merits as does the dismissal with prejudice by the North Carolina District Court.

23 Cases in which abusive litigants have been enjoined from filing further pleadings
24 and or imposing pre filing approval requirements are not rare. A sample of these is ,
25 Harrelson v United States (1980, CA5 Tex) 613 F2d 114, Canady v Allstate Ins. Co.
26

(2002, CA8 Mo) 282 F3d 1005, Ward v Pennsylvania New York Central Transp. Co. (1971, SD NY) 328 F Supp 1245, app dismd (1972, CA2 NY) 456 F2d 1046; Boruski v Stewart (1974, SD NY) 381 F Supp 529; Ruderer v Department of Justice (1974, SD NY) 389 F Supp 549.Hill v Estelle (1976, SD Tex) 423 F Supp 690.Calesnick v Redevelopment Authority of Philadelphia (1988, ED Pa) 696 F Supp 1053, affd without op (1989, CA3 Pa) 875 F2d 309 and affd without op (1989, CA3 Pa) 875 F2d 309, cert den (1989) 493 US 893, 107 L Ed 2d 191, 110 S Ct 240. Rapoport v Banco Mexicano Somex, S.A. (1988, SD NY) 706 F Supp 207. Mallon v Padova (1992, ED Pa) 806 F Supp 1186, dismd (1992, ED Pa) 806 F Supp 1189; Johns v Town of Los Gatos (1993, ND Cal) 834 F Supp 1230. Hoffenberg v Hoffman & Pollok (2003, SD NY) 288 F Supp 2d 527. Perry v Gold & Laine, P.C. (2005, DC NJ) 371 F Supp 2d 622. As might be expected, these cases frequently involve pro se litigants with an exaggerated sense of the merits of their own positions.

Wherefore, Bank of America, N.A. requests that the court issue an injunction forbidding Douglass Ader, directly or indirectly, in person, or by representative, or by another name of person real or fictitious, from filing any new lawsuits, pro se, which are related to or arising out of Pima County Superior Court Case C20040225 against any person, in any court, state or federal, without first obtaining leave of this court. Leave should not be granted unless Douglass Ader provides a sample pleading to the court and adequately demonstrates that the proposed filing can survive a challenge under Federal Rule of Civil Procedure 12; is not barred by principals of claim or issue preclusion, or by the Rooker-Feldman doctrine; is not repetitive of prior filings; and is in compliance with Federal Rule of Civil Procedure 11. It is further requested that for each petition seeking said leave of court that Douglas Ader be ordered to pay to the court a sum equal to the

1  filing fee for a complaint, in order to deter repetitive frivolous filings and to conserve
2  court resources. Lastly, it is requested that the court explicitly remind Mr. Ader that the
3  court may enforce its order by contempt.

4  DATED: January 10th, 2007           BUCHALTER NEMER, P.C.

6                                  By: s/ Scot G. Teasdale
7                                      Alan M. Levinsky, Esq.
                                       Scot G. Teasdale, Esq.
                                       4600 East Shea Boulevard, Suite 100
8                                      Phoenix, AZ  85028-6031
                                       Attorneys for Defendants

11  ELECTRONICALLY filed and copy mailed
    this 10th day of January, 2007, to:

12  Douglas C. Ader
    706 NE 2nd Street, #A
13  Marion, Wisconsin 54950
    Plaintiff

16    s/ Jenifer K. L. Allen